**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**CARL WAYNE WATTS, # 77138**                                             **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 5:15cv99-KS-MTP**

**DR. BURKE, DR. BEVERY, MEDICAL**
**DEPARTMENT, HEALTH ASSURANCE,**
**LLC, and CENTURION OF MISSISSIPPI,**
**LLC**                                                           **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Carl Wayne Watts is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he brings this action challenging his conditions of confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendants Dr. Bevery, Health Assurance, LLC, and Centurion of Mississippi, LLC, are dismissed.

### BACKGROUND

Watts is housed at the Wilkinson County Correctional Facility in Woodville, Mississippi, where Defendant Dr. Burke is employed as the prison doctor. Defendant Doctor Bevery is a surgeon employed at the North Mississippi Medical Center in Tupelo, Mississippi.

Watts alleges that on January 28, 2014, Dr. Bevery performed back surgery on Watts, at the North Mississippi Medical Center, to repair a herniated disc. He alleges that "something went wrong" and, as a result, his lower body has no feeling, he has problems standing, his legs lock up on him, and pain shoots down his lower back. (Compl. at 4). Watts claims that Defendant Centurion of Mississippi, LLC, gave him an inexperienced doctor to perform the surgery.

Watts claims that since July, 2015, he has asked Dr. Burke to treat these injuries, but that he "ha[s] constantly put the matter off and refuse[s] to give [Watts] proper medical treatment." *Id.* He claims that Defendant Health Assurance, LLC, is liable for Dr. Burke's alleged omissions. (Resp. at 1).

On October 4, 2015, Watts filed this action, pursuant to 42 U.S.C. § 1983. He seeks medical treatment and any other relief to which he may be entitled.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. The statute provides in part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Watts to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

D<small>R</small>. B<small>EVERY</small>

First Watts sues Dr. Bevery because this doctor performed the surgery where "something went wrong."  It is not clear if Watts is claiming that Dr. Bevery caused the injuries during surgery or if the surgery was ineffective.  When asked to clarify the claim against Dr. Bevery, Watts simply replied that this Defendant violated his constitutional rights, "[b]ecause of an alleged present failure to treat injuries experienced after surgery for a herniated disc."  (Resp. at 1).  This however, merely mimics the Court's language in the Order Setting Payment Schedule [7].  (Order Setting Payment Schedule at 1).  The Court was describing the case in general and was not discussing Dr. Bevery.  Watts had the opportunity to allege specific facts against Dr. Bevery but did not do so.

Negligence or medical malpractice is insufficient to state a constitutional claim for denial of medical care.  *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).  Watts "must allege deliberate indifference to his serious medical needs."  *Id.*  Deliberate indifference requires a showing that defendant (1) was "aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn," and (2) that she "actually drew an inference that such potential for harm existed."  *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).  Such a showing requires evidence that prison officials "refused to treat [plaintiff], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  *Domino v. Tex. Dep't of Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001).  A prisoner's disagreement with his medical treatment is not actionable under § 1983 absent exceptional circumstances.  *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).  Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of a

substantial risk.  *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

Liberally construed, the most that Watts alleges against Dr. Bevery is medical malpractice for the surgery.  Watts does not claim that Dr. Bevery intentionally harmed him or that Dr. Bevery has been informed of, and refused to treat, the alleged resulting injuries.  Watts makes no allegation that Dr. Bevery was deliberately indifferent to Watts's serious medical needs.  This Defendant is dismissed for failure to state a claim upon which relief could be granted.

CENTURION OF MISSISSIPPI, LLC

Next Watts sues Centurion, claiming that it is the entity that assigned Dr. Bevery to perform the surgery, whom Watts contends was inexperienced.

First, the Court takes judicial notice that Centurion was not the medical provider for MDOC until July 1, 2015.  In any event, even if Centurion was the entity that assigned Dr. Bevery as the surgeon, it is doubtful that this rises even to the level of negligence.  It certainly does not amount to deliberate indifference on Centurion's part.  Watts alleges no facts to suggest that Centurion was aware of facts from which an inference of excessive risk to Watts's health could be drawn or that Centurion in fact drew the inference.  The claim against this Defendant is dismissed as frivolous and for failure to state a claim upon which relief could be granted.

HEALTH ASSURANCE, LLC

Watts next sues Health Assurance, claiming that it is responsible for Dr. Burke's alleged denial of medical treatment since July of 2015.

As stated previously, Centurion has been MDOC's medical provider during this time. This claim against Health Assurance is therefore frivolous.

Even if Health Assurance were the employer of Dr. Burke[1] during the relevant time period, "[t]here is no vicarious or *respondeat superior* liability of supervisors under section 1983." *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006). The supervisor must either be personally involved in the violation or otherwise have caused the violation. *Id.* Watts fails to point to any personal involvement or wrongdoing attributable to Health Assurance. He thus also fails to state a claim against Health Assurance.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendant Dr. Bevery should be, and is hereby, **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief could be granted.

**IT IS FURTHER ORDERED AND ADJUDGED** that the claims against Defendants Health Assurance, LLC, and Centurion of Mississippi, LLC, are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim against them upon which relief could be granted. Plaintiff is assessed a strike pursuant to 28 U.S.C. § 1915(g). The remainder of this case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 7th day of April, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[1]To the extent Watts is alleging that Health Assurance is Dr. *Bevery's* employer instead, the *respondeat superior* claim still fails.

5