IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CARL WAYNE WATTS, #77138**  **PLAINTIFF**

**v.**  **CIVIL ACTION NO. 5:15cv99-KS-MTP**

**DR. JAMES BURKE**  **DEFENDANT**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the Motion to Dismiss for Failure Exhaust Administrative Remedies [24] filed by James Burke. Having considered the motion, the record, and the applicable law, the undersigned recommends that the Motion [24] be GRANTED and this matter be dismissed without prejudice.

**FACTUAL BACKGROUND**

Plaintiff Carl Wayne Watts, proceeding *pro se* and *in forma pauperis*, is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"), and is currently housed at the Wilkinson County Correctional Facility ("WCCF"). Plaintiff filed the instant civil rights action pursuant to 42 U.S.C. § 1983, on or about October 19, 2015. The Plaintiff's claims and relief sought were clarified and amended by his sworn testimony at the *Spears*[1] hearing. Plaintiff alleges that in January of 2014, he had surgery for his back. He claims that something went wrong during the surgery and now he has problems standing and pack pain. He also claims that sometimes his lower body has no feeling. At some point after the surgery he was transferred to WCCF. Plaintiff claims that as a result of his back issues he put in multiple sick calls to Dr. James Burke, the prison doctor. He alleges that after a few sick calls he finally saw Burke and explained his back issues to him. He claims that Burke told him that he may be

1

sent to an off-site specialist, but Plaintiff claims that this never occurred. Plaintiff claims that Burke gave him no medical treatment for his back issues. Plaintiff also asserts he also requested an extra mattress from Burke and that Burke gave him a low bunk designation, but not an extra mattress.

Defendant filed his Motion [24] on October 20, 2016, asserting that this matter should be dismissed because Plaintiff failed to exhaust his administrative remedies before filing his claim. Plaintiff responded to the motion on November 18, 2016, and the motion is ripe for disposition. *See* Motion to Respond [33].[2]

## STANDARD

Defendant has submitted matters outside the pleadings with his Motion to Dismiss; therefore, the Motion should be characterized as a motion for summary judgment. *See* Fed. R. Civ. 12(b); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991).[3] A motion for summary judgement will be granted when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "The moving party must show that if the

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Although docketed as a motion, Plaintiff's Motion to Respond [33] is a response to Defendant's motion to dismiss.

[3] A non-moving party receives adequate notice that a motion may be converted to a motion for summary judgment when the movant has placed matters outside the pleadings before the district court for its review. *See Guiles v. Tarrant Cty. Bail Bond Bd.*, 456 F. App'x 485, 487 (5th Cir. 2012)(citing *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 195 (5th Cir.1988)). Additionally, Plaintiff directly addresses and cites in his response the defendant's submissions which were outside of the pleadings. *See* Response [33]. Plaintiff was also provided his ARP records before he filed his response to the motion. *See* Notice of Service of Documents [30].

evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000). The court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). The nonmovant cannot survive a proper motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see also Celotex*, 477 U.S. at 325-26. Instead, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## **ANALYSIS**

Defendant asserts that this matter should be dismissed because Plaintiff failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006) "Indeed . . . a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process." *Id.* at 85.

3

The United States Court of Appeals for the Fifth Circuit has upheld the grant of summary judgment where the evidence revealed that an inmate has not followed prison guidelines for filings grievances and thus had not exhausted his administrative remedies. *Stout v. North-Williams*, 476 Fed. App'x 763, 765 (5th Cir. 2012). Furthermore, courts have been clear that a prisoner cannot fulfill the exhaustion requirement through general allegations that he notified prison officials of a violation; rather, he must follow the process set forth by the prison. *See, e.g., Woodford,* 548 U.S. at 83-84; *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (stating that the Fifth Circuit takes a "strict approach" to the PLRA's exhaustion requirement); *Lane v. Harris Cnty. Medical Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008) (stating that under the PLRA, the prisoner must comply with all administrative procedural rules). "It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Because exhaustion is an affirmative defense, Defendant bears the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

Miss. Code Ann. § 47-5-801 grants the MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an offender may seek formal review of a complaint relating to any aspect of their incarceration. The ARP is a two-step process. Inmates are required to initially submit their grievances within thirty days of the incident. If, after screening, a grievance is accepted into the ARP, the request is forwarded to

the appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with this response, he may continue to the Second Step by using ARP form ARP-2 and sending it to the Legal Claims Adjudicator. A final decision will be made by the Superintendent, Warden, or Community Corrections Director. If the offender is not satisfied with the Second Step Response, he may file suit in state or federal court. *See Mississippi Department Of Corrections Handbook at Ch. VIII.*[4]; *Seales v. Shaw*, 2016 WL 616749, at *2 (S.D. Miss. Jan. 26, 2016), *report and recommendation adopted sub nom. Seales v. Wilkinson Cty. Corr. Facility*, 2016 WL 616385 (S.D. Miss. Feb. 16, 2016).

In support of their claim that Plaintiff failed to properly exhaust his claims before filing suit in this court, Defendant offers the Plaintiff's ARP record regarding the claims currently before the court.[5] Plaintiff filed two ARP grievances regarding his claims. His first ARP grievance was accepted by prison staff on September 11, 2015. In this grievance, Plaintiff complained that he had submitted two sick calls, had not yet been seen for his back problems. *See* [24-2] at 3. Plaintiff's received his second step response to this grievance on November 3, 2015,[6] exhausting his administrative remedies. *Id.* at 5. However, this date was *after* Plaintiff filed the current action on October 19, 2015.

Plaintiff second grievance pertaining to the claims in this action was also accepted by prison staff on September 11, 2015. *Id.* at 9. In this ARP grievance he complained about his back

---

[4] *Available at* http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx (last visited December 12, 2016).
[5] Janice Fountain, an MDOC employee who works as the ARP Coordinator at WCCF, submitted a signed certificate of authenticity along with the records.
[6] Plaintiff in his response to the Motion [33] states that date Defendant submits that he exhausted his first grievance, October 29, 2015, does not line up with when he received/signed it on November 3, 2015. Defendant did submit that Plaintiff completed the ARP process on October 29, 2015, when the administrator signed it. *See* [24] at 3. However, regardless of the date the

5

and states that he was denied an extra mattress. *Id.* The second step response to this grievance is dated January 4, 2016. *Id.* at 11. However, this date is also *after* Plaintiff filed the current action.

One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "time and opportunity to address complaints internally." *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). The record before the Court shows that Plaintiff filed this action before receiving a second-step response through the ARP with regard to the grievances he filed. Further, he has not demonstrated that exhaustion would have been futile or that administrative remedies were unavailable. He did, in fact, file grievances, but did not exhaust the ARP process before filing suit.

Exceptions to the exhaustion requirement are only appropriate where the available administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be patently futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and that the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id.* Plaintiff has not made such a showing. Accordingly, undersigned recommends that this case be dismissed because Plaintiff failed to exhaust his administrative remedies before filing suit.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that:

1. Defendant's Motion to Dismiss [24] be granted;

---

Court utilizes, both dates are *after* Plaintiff filed the current action.

2. All other pending Motions [27][33] be denied as moot[7];

3. This action be dismissed without prejudice

**RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 13th day of December, 2016.

s/ Michael T. Parker
United States Magistrate Judge

---

[7] As Plaintiff has accumulated "three strikes," the Defendant moved to revoke his privilege to proceed *in forma pauperis. See* Motion [27]; 28 U.S.C. §1915(g).